IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HELE KU KB, LLC, a Hawai'i limited liability company, | ) ) ) | CIVIL NO. 11-00183 LEK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BAC HOME LOANS SERVICING, LP, a Texas limited partnership, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF SUMMARY JUDGMENT ORDER**

       Before the Court is Defendant BAC Home Loans Servicing, LP's ("Defendant" or "BAC") Motion for Reconsideration of Summary Judgment Order ("Motion"), filed on June 8, 2012. Plaintiff Hele Ku KB, LLC ("Plaintiff" or "Hele Ku") filed its memorandum in opposition to the Motion ("Memorandum in Opposition") on June 22, 2012, and Defendant filed its reply to the Memorandum in Opposition ("Reply") on July 12, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's May 31, 2012 Order Denying Plaintiff's Motion for Partial Summary Judgment; Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment; and Denying Plaintiff's Counter-motion for Partial Summary Judgment Regarding Breach of Contract Claim ("Order"). 2012 WL 1987165.

In the Order, this Court concluded, *inter alia*, that: Defendant's oral forbearance agreement with Vincent M. Sampson and Authurina N. Sampson was unenforceable pursuant to the statute of frauds because there was no writing evidencing the agreement; and, insofar as the forbearance agreement was unenforceable, it could not void the agreement of sale between Plaintiff and Defendant ("Agreement of Sale"). The Court therefore denied Defendant's motion for summary judgment as to Count I, Plaintiff's breach of contract claim. Id. at *12-15. The Court also found that the limitation clause in the Agreement of Sale did not give Defendant the unfettered right to cancel the agreement. The Court concluded that the limitation clause only applied if Defendant's cancellation of the sale complied with the implied covenant of good faith and fair dealing. The Court, however, found that there was a genuine issue of material fact as to whether Defendant's cancellation of the sale violated the

2

covenant of good faith and fair dealing.  The Court therefore denied Plaintiff's motion for summary judgment regarding Count I, as well as Plaintiff's counter-motion for summary judgment to the extent that the counter-motion sought summary judgment as to Count I.  Id. at *15.  The Court's other rulings in the Order are not at issue in the instant Motion.

In the instant Motion, Defendant seeks reconsideration of the Order on the grounds that: Plaintiff lacks standing to assert that the forbearance agreement violated the statute of frauds because Plaintiff was not a party, and is not in privity with a party, to the forbearance agreement; and the limitation clause in the Agreement of Sale precludes Plaintiff's breach of contract claim.

**DISCUSSION**

In order to obtain reconsideration of the Order, Defendant's Motion "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three

3

grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Defendant's Motion seeks reconsideration on the ground that the Order contains clear errors of law. Defendant, however, raised the standing argument and the limitation clause argument in the underlying motions for summary judgment. This district court has recognized that "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)). Further, to the extent that Defendant's Reply presents different variations of Defendant's arguments regarding the statute of frauds and the covenant of good faith and fair dealing, those arguments are not properly before this Court. First, Defendant could have raised those arguments in connection with the underlying motions for summary

4

judgment.  See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").  Second, even assuming, *arguendo*, that Defendant could not have raised the arguments it now raises in its Reply in connection with the underlying motions for summary judgment, Defendant should have raised the arguments in the Motion itself.  See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  This Court therefore FINDS that Defendant has not presented any ground warranting reconsideration of the Order's ruling regarding the statute of frauds or the Order's ruling regarding the limitation clause.

Finally, in Plaintiff's Memorandum in Opposition, Plaintiff asks that the Court "clarify and expressly find that the duty of good faith that [Defendant] owes to [Plaintiff] arises out of the contract between [Defendant] and [Plaintiff] and is not impacted by any duty of good faith that [Defendant] owes to the Sampsons."  [Mem. in Opp. at 1-2.]  This Court FINDS that it is unnecessary to amend the Order or to make further findings on this issue.  Although Defendant's actions regarding the Sampsons' loan are relevant to the Agreement of Sale between Plaintiff and Defendant, the Order does not suggest that the duty of good faith and fair dealing at issue in this case arises from

Defendant's contractual relationship with the Sampsons. See, e.g., Order, 2012 WL 1987165, at *15 ("[T]his Court FINDS that there is a genuine issue of material fact as to whether, under the circumstances of this case, including what Defendant knew or reasonably should have known about the Sampsons' loan, Defendant's cancellation of the Agreement of Sale with Plaintiff violated the implied covenant of good faith and fair dealing."). This Court therefore DENIES Plaintiff's request to make findings clarifying the Order.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion for Reconsideration of Summary Judgment Order, filed June 8, 2012, is HEREBY DENIED. This Court further DENIES Plaintiff's request to make further findings clarifying the Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 30, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HELE KU KB, LLC V. BAC HOME LOANS SERVICING, LP; CIVIL 11-00183 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**